# UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

KARIANN BALON,          :
        Plaintiff       :     CIVIL ACTION NO. 3:16-CV-0410
                      :     (Judge Nealon)
     v.                 :
                      :
ENHANCED RECOVERY    :
COMPANY, INC.,        :
        Defendant   :

## MEMORANDUM

Plaintiff, Kariann Balon, filed a complaint against Defendant, Enhanced Recovery Company, Inc., alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). (Doc. 1). On March 16, 2016, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and brief in support. (Docs. 3, 4). On April 1, 2016, Plaintiff filed her brief in opposition. (Doc. 6). To date, Defendant has not filed a reply brief, and the deadline for filing such has passed. See M.D. Pa. L.R. 7.7. On May 2, 2016, Plaintiff filed a notice of supplemental authority, which identified Velez v. Enhanced Recovery Company, LLC, 2016 U.S. Dist. LEXIS 57832 (E.D. Pa. May 2, 2016), as a recent decision that "denied a motion to dismiss in a case where the plaintiff complained of the exact same language that is also at issue in this case." (Doc. 8, p. 1). For the reasons set forth below, Defendant's motion to dismiss the complaint will be denied.

## I.   STANDARD OF REVIEW

Defendant's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), which "provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted." Suessenbach Family v. Access Midstream, 2015 U.S. Dist. LEXIS 40900, at *2 (M.D. Pa. 2015) (Mannion, J.).  The moving party bears the burden of showing that no claim has been stated.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  All factual allegations are accepted as true and all inferences are construed in the light most favorable to the non-moving party.  Kaymark v. Bank of Am., N.A., 783 F.3d 168, 174 (3d Cir. 2015) (citing Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012)).

"Federal notice and pleading rules require the complaint to provide 'the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" K.E. v. Dover Area Sch. Dist., 2016 U.S. Dist. LEXIS 65241, at *6 (M.D. Pa. May 18, 2016) (Conner, J.) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008)).  "[D]ismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" Suessenbach Family, 2015 U.S. Dist. LEXIS 40900, at *2 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544

(2007)).  To state a claim to relief that is plausible on its face the non-moving

party's allegations must be sufficient to "raise a right to relief above the

speculative level." <u>Twombly</u>, 550 U.S. at 544.  "This requirement 'calls for

enough fact[s] to raise a reasonable expectation that discovery will reveal evidence

of' necessary elements of the plaintiff's cause of action." <u>Suessenbach Family</u>,

2015 U.S. Dist. LEXIS 40900, at *2-3 (quoting <u>Twombly</u>, 550 U.S. at 544).

"Furthermore, in order to satisfy federal pleading requirements, the plaintiff must

'provide the grounds of his entitlement to relief,' which 'requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action

will not do.'" <u>Id.</u> (quoting <u>Phillips</u>, 515 F.3d at 231).  The United States Court of

Appeals for the Third Circuit has stated that:

> <u>Twombly</u> and <u>Iqbal</u> require [a court] to take the following three
> steps to determine the sufficiency of a complaint: "First, the
> court must take note of the elements a plaintiff must plead to
> state a claim.  Second, the court should identify allegations
> that, because they are no more than conclusions, are not
> entitled to the assumption of truth.  Finally, where there are
> well-pleaded factual allegations, a court should assume their
> veracity and then determine whether they plausibly give rise to
> an entitlement for relief."

<u>Connelly v. Steel Valley Sch. Dist.</u>, 706 F.3d 209, 212 (3d Cir. 2013) (quoting

<u>Burtch v. Milberg Factors, Inc.</u>, 662 F.3d 212, 221 (3d Cir. 2011)).  Additionally,

since Plaintiff attached the letter at issue as an exhibit to her complaint, it will be

treated as part of the pleading. FED. R. CIV. P. 10(c).

## II.   <u>FACTUAL ALLEGATIONS</u>

Plaintiff's complaint makes the following factual allegations: Defendant has

attempted to collect a debt from Plaintiff on an "account that was identified by a

number ending in 2418." (Doc. 1-1, p. 2). "On or about February 9, 2015,

[Defendant] caused to be mailed a letter addressed to Plaintiff." (<u>Id.</u>). "The letter

was an attempt to collect on the Account." (<u>Id.</u>). The letter states, in part, that

"any indebtedness of $600.00 or more, which is discharged as a result of a

settlement, may be reported to the IRS as taxable income pursuant to the Internal

Revenue Code 6050 (P) and related federal law." (<u>Id.</u>). "The amount of the

alleged debt at the time that the letter was sent was $798.67 . . . . [and] [t]he offer

to settle was for $638.94." (<u>Id.</u>). "[T]he amount of savings if the offer was

accepted would be $159.73." (<u>Id.</u> at pp. 2-3).

## III.   <u>DISCUSSION</u>

Prior to the enactment of the FDCPA, Congress discovered "abundant

evidence of the use of abusive, deceptive, and unfair debt collection practices by

many debt collectors." 15 U.S.C. § 1692(a). Further, Congress also found that

"[a]busive debt collection practices contribute to the number of personal

bankruptcies, to marital instability, to the loss of jobs, and to invasions of

4

individual privacy." 15 U.S.C. § 1692(a).

In 1977, Congress enacted the FDCPA:

> to eliminate abusive debt collection practices by debt
> collectors, to insure that those debt collectors who refrain from
> using abusive debt collection practices are not competitively
> disadvantaged, and to promote consistent State action to
> protect consumers against debt collection abuses.

15 U.S.C. § 1692(e).  To accomplish these goals, Congress created "a private right
of action against debt collectors who fail to comply with [the FDCPA's]
provisions." Grubb v. Green Tree Servicing, LLC, 2014 U.S. Dist. LEXIS
100886, at *9 (D.N.J. 2014) (citing 15 U.S.C. § 1692k; Marx v. Gen. Revenue
Corp., 133 S. Ct. 1166, 1171 n.1 (2013); Brown v. Card Serv. Ctr., 464 F.3d 450,
453 (3d Cir. 2006)).  Additionally, "as remedial legislation, the FDCPA must be
broadly construed in order to give full effect to these purposes." Caprio v.
Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 148 (3d Cir. 2013).

The United States Court of Appeals for the Third Circuit has stated that to
prevail on an FDCPA claim a plaintiff must prove that:

> (1) she is a consumer, (2) the defendant is a debt collector, (3)
> the defendant's challenged practice involves an attempt to
> collect a "debt" as the Act defines it, and (4) the defendant has
> violated a provision of the FDCPA in attempting to collect the
> debt.

Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014) (citing

Piper v. Portnoff Law Assocs., Ltd., 396 F.3d 227, 232 (3d Cir. 2005)). At issue is

whether Defendant has violated a provision of the FDCPA in attempting to collect

the debt. In particular, Plaintiff claims that Defendant violated section 1692e of

the FDCPA when it sent a letter dated February 9, 2015, in connection with the

collection of a debt, which allegedly contained a false, deceptive, or misleading

statement. (Doc. 1-1, pp. 2-3). Defendant argues that Plaintiff's claim should be

dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the

challenged language in the letter does not violate the FDCPA. (Doc. 4, pp. 5-13).

Specifically, as discussed in more detail below, Defendant contends that the

challenged language does not violate the FDCPA because it is true, is neither

deceptive nor misleading, and is immaterial. See (Id.).

Section 1692e of the FDCPA is "the provision of the law dealing with

communications from debt collectors to debtors." Jensen v. Pressler & Pressler,

791 F.3d 413, 419 (3d Cir. 2015). Under section 1692e, "[a] debt collector may

not use any false, deceptive, or misleading representation or means in connection

with the collection of any debt." 15 U.S.C. § 1692e. "The sub-parts of § 1692e

comprise a non-exhaustive list of debt collection practices that violate the

prohibition on false or misleading representation." Jensen, 791 F.3d at 418 n.2

(citing 15 U.S.C. § 1692e). The sub-part alleged to have been violated here is

section 1692e(10), which prohibits a debt collector from using "any false

representation or deceptive means to collect or attempt to collect any debt or to

obtain information concerning a consumer." 15 U.S.C. § 1692e(10). In particular,

Plaintiff alleges that the letter's challenged statement is false, deceptive, and

misleading because "the statement could mean that the amount of any savings

caused by a settlement offer would be the amount that was discharged," (Doc. 1-1,

p. 2), or, alternatively, "could instead mean that the entire debt that is being

resolved as a result of the settlement is the amount that is 'discharged.'" (Id. at p.

3).

Defendant argues that the challenged language is not false because it "is

consistent with the federal statute requiring the filing of an information return

when a debt is cancelled, consistent with the Treasury regulation that requires

Form 1099-C's use, and consistent with IRS instructions to creditors regarding the

use of Form 1099-C." (Doc. 4, p. 6). More simply, Defendant argues that "the

sentence is accurate." (Id.).

Defendant identifies 26 U.S.C. § 6050P, "which codified the law requiring

1099-C fillings in the Internal Revenue Code," as the relevant statute. (Id.).

Section 6050P "requires any applicable entity discharging (in whole or in part) any

person's debt during any calendar year to make a return setting forth certain

information about the individual and the discharge, unless the discharge is for less than $600.00." Velez, 2016 U.S. Dist. LEXIS 57832, at *5 (citing 26 U.S.C. § 6050P(a)-(b)). "The associated regulation explains in part that there are exceptions to this requirement to file a Form 1099-C, such as the discharge of an amount of indebtedness that consists of interest and non-principal amounts in certain lending transactions, including lines of credit." Id. (citing 26 C.F.R. § 1.6050P-1(a), (d)(2)-(3)). Defendant also states that the IRS Instructions "direct creditors to '[f]ile Form 1099-C, Cancellation of Debt, for each debtor for whom you canceled a debt owed to you of $600 or more.'" (Doc. 4, p. 7) (citing IRS Instructions for Forms 1099-A and 1099-C). Therefore, according to Defendant, "[s]tating that 'any indebtedness of $600.00 or more, which is discharged as a result of a settlement, may be reported to the IRS' is entirely consistent with the statute's requirement that applicable entities 'shall make a return,' as well as with the statute's sole exception for discharges of less than $600." (Id.). Thus, Defendant argues, "[t]he controlling statute, regulations, and IRS instructions all specifically require applicable entities to file Form 1099-C when they cancel debts of $600 or more–which is exactly what the challenged sentence says." (Id. at p. 8).

Defendant then argues that the challenged language is neither deceptive nor

8

misleading.  (Doc. 4, p. 8).  The United States Court of Appeals for the Third

Circuit has "explained that '[a] debt collection letter is deceptive where "it can be

reasonably read to have two or more different meanings, one of which is

inaccurate."'" Szczurek v. Prof'l Mgmt., 627 F. App'x 57, 60 (3d Cir. 2015)

(quoting Brown, 464 F.3d at 455).  Furthermore, when evaluating a section 1692e

claim, "[c]ourts routinely employ a 'least sophisticated debtor' standard." Jensen,

791 F.3d at 419 (citing Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir.

2008)).  The Third Circuit has stated that:

> [t]he least sophisticated debtor standard requires more than
> "simply examining whether particular language would deceive
> or mislead a reasonable debtor" because a communication that
> would not deceive or mislead a reasonable debtor might still
> deceive or mislead the least sophisticated debtor.

Brown, 464 F.3d at 454 (quoting Wilson v. Quadramed Corp., 225 F.3d 350, 354

(3d Cir. 2000)).  "Although the least sophisticated debtor standard is 'lower than

the standard of a reasonable debtor,' it 'preserv[es] a quotient of reasonableness

and presum[es] a basic level of understanding and willingness to read with care.'"

Jensen, 791 F.3d at 419 (alterations in original) (quoting Rosenau, 539 F.3d at

221).  "In so doing, it 'give[s] effect to the Act's intent to "protect[] the gullible as

well as the shrewd."'" Id. (alterations in original) (quoting Campuzano-Burgos v.

Midland Credit Mgmt., Inc., 550 F.3d 294, 298 (3d Cir. 2008)).  The least

sophisticated consumer standard "is an objective one, meaning that the specific plaintiff need not prove that she was actually confused or misled, only that the objective least sophisticated debtor would be." <u>Jensen</u>, 791 F.3d at 419 (citing <u>Pollard v. Law Office of Mandy L. Spaulding</u>, 766 F.3d 98, 103 (1st Cir. 2014); <u>Bently v. Great Lakes Collection Bureau</u>, 6 F.3d 60, 62 (2d Cir. 1993)). "Thus, 'the FDCPA enlists the efforts of sophisticated consumers . . . as "private attorneys general" to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.'" <u>Id.</u> (quoting <u>Jacobson v. Healthcare Fin. Servs., Inc.</u>, 516 F.3d 85, 91 (2d Cir. 2008)).

According to Defendant, "the challenged sentence does not have a reasonable second meaning; it means exactly what it says." (Doc. 4, p. 9). Defendant continues by stating that "[t]he sentence is not subject to multiple interpretations; it is not deceptive or misleading." (<u>Id.</u>). "To the contrary," Defendant claims, "[it] has merely set forth the generally applicable rule." (<u>Id.</u>). According to Defendant, "[t]his necessarily suggests to the consumer that there may be tax issues that should be considered and that those should be discussed with knowledgeable counsel or other advisors–not with" Defendant. (<u>Id.</u>).

Additionally, Defendant argues that "Section 1.6050P-1(a) explains that a

'discharge of indebtedness' occurs when there is an 'identifiable event,' as defined by 26 C.F.R. § 1.6050P-1(b)(2)." (Doc. 4, p. 10). Defendant states that "[a]mong the eight identifiable events delineated in 26 C.F.R. § 1.6050P-1(b)(2) [is] a discharge as a result of an agreement of the parties and a 'discharge of indebtedness pursuant to a decision by the creditor to discontinue collection activity.'" (Id.) (quoting 26 C.F.R. § 1.6050P-1(b)(2)). Thus, according to Defendant, "[g]iven the breadth of identifiable events covered by 26 C.F.R. § 1.6050P-1(b)(2), it is not misleading to state that '$600.00 or more, which is discharged as a result of a settlement, may be reported to the IRS . . . .'" (Id.). Moreover, Defendant states that "IRS instructions for the completion of Form 1099-C similarly shows that the filing threshold is different from the reporting requirement." (Id.). According to Defendant, the IRS "directs creditors to '[f]ile Form 1099-C, Cancellation of Debt, for each debtor for whom you canceled a debt owed to you of $600 or more . . . .'" (Id.) (quoting IRS Instructions for Forms 1099-A and 1099-C, at p. 2). Defendant states that "[d]ebt is defined as 'any amount owed to you, including stated principal, stated interest, fees, penalties, administrative costs, and fines.'" (Id.) (quoting IRS Instructions for Forms 1099-A and 1099-C, at p. 4). Further, Defendant indicates that the IRS Instructions "explain that collectors are not required to report 'Interest' or 'Nonprincipal

amounts,' such as 'penalties, fines, fees, and administrative costs.'" (Doc. 4, p.

10) (quoting IRS Instructions for Forms 1099-A and 1099-C, at pp. 4-5). "Thus,"

Defendant concludes, "the IRS Instructions confirm that the filing threshold is

distinct from the reporting requirement." (Id.).

Finally, Defendant claims that the challenged language, even if found to be

"inaccurate, deceptive, or misleading, . . . dismissal would nonetheless be

appropriate here because any such misstatement was immaterial." (Id. at p. 11).

Recently, in Velez v. Enhanced Recovery Company, LLC,[1] the United

States District Court for the Eastern District of Pennsylvania addressed the issue

currently at bar.  In Velez, the defendant sent the plaintiff "a communication in

connection with a consumer debt in the amount of $692.70 owed to TD Bank

USA, N.A./Target." Velez, 2016 U.S. Dist. LEXIS 57832, at *3.  The defendant's

communication "offered to settle the debt for $554.16." Id.  The communication

also contained the exact statement currently under review, specifically that:

> [i]n addition, any indebtedness of $600.00 or more, which is
> discharged as a result of a settlement, may be reported to the
> IRS as taxable income pursuant to the Internal Revenue Code
> 6050(P) and related federal law.

Id.  As is the case here, the plaintiff in Velez claimed that the defendant's

---

[1] 2016 U.S. Dist. LEXIS 57832 (E.D. Pa. May 2, 2016).

statement regarding the discharge of indebtedness was "false, deceptive, and misleading." <u>Velez</u>, 2016 U.S. Dist. LEXIS 57832, at *3.  The defendant moved to dismiss the plaintiff's claims by arguing that its statement "accurately reflect[ed] the controlling statute and regulation, [was] neither deceptive nor misleading, and [was] not material." <u>Id.</u> at *4.

In reaching its determination to deny the defendant's motion to dismiss, the district court found that the plaintiff's well-pled factual allegations, taken as true, established that the "alleged debt, and [the defendant's] cancellation thereof, could not possibly have been reportable under the relevant exceptions." <u>Id.</u> at *6.  The district court continued by stating that "[i]f, in fact, under the circumstances of this case, there could not possibly have been a reportable event, then the statement would be false." <u>Id.</u> (citing <u>Wagner v. Client Servs., Inc.</u>, 2009 U.S. Dist. LEXIS 26604, at *11-12 (E.D. Pa. 2009); <u>Wideman v. Monterey Fin. Servs., Inc.</u>, 2009 U.S. Dist. LEXIS 38824, at *15 (W.D. Pa. 2009)).  Thus, according to the district court, the communication at issue "'may not [have been] false in all respects, [but] it certainly [was] not completely true.'" <u>Id.</u> at *7 (alteration in original) (quoting <u>Good v. Nationwide Credit, Inc.</u>, 55 F. Supp. 3d 742, 747 (E.D. Pa. 2014)).  The court also found that "the use of the contingent 'may' in the" challenged language did not:

materially distinguish it from the challenged language in <u>Good</u>
because both phrases fail to communicate that there are other
exceptional circumstances beyond the challenged Statement,
like the challenged language in <u>Wagner</u>, suggests the
possibility that the cancelled debt could be reported.

<u>Velez</u>, 2016 U.S. Dist. LEXIS 57832, at *7.

Further, the district court found that the plaintiff pled a plausible claim that

the communication at issue "could mislead or deceive the least sophisticated

debtor." <u>Id.</u> at *7-8.  The plaintiff alleged in <u>Velez</u> that the communication "might

lead the least sophisticated debtor to believe that he might have to pay a certain

amount in order to avoid IRS reporting." <u>Id.</u> at *8.  The defendant argued that the

challenged language was "not deceptive or misleading because it [was] not subject

to multiple interpretations, but rather sets forth a generally applicable rule." <u>Id.</u>

The district court rejected the defendant's contention and stated that:

> [t]he least sophisticated debtor, given a generally applicable
> rule with some, but not all, of the relevant exceptions thereto,
> might be misled into thinking that there will be adverse tax
> consequences for settling a debt for less than the total amount
> due.

<u>Id.</u>  Moreover, the defendant's use of the "conditional 'may'" in the challenged

language, the court found, did not:

> remove from the realm of possibility that the least sophisticated
> debtor might be deceived into thinking that [the defendant]
> must or will report certain settlement amounts to the IRS, even

when it does not intend to, or would not be required to, under
the relevant statute and regulations.

Velez, 2016 U.S. Dist. LEXIS 57832, at *8-9.

The district court also addressed the defendant's claim that the statement in

question was immaterial. Id. at *9.  The court, in reaching its determination that

the challenged communication was material, stated that "[e]ven imbued with basic

understanding and a willingness to read carefully, the [communication] might

influence the least sophisticated debtor." Id.  The court reasoned that:

> [i]t would not be bizarre or idiosyncratic for the least
> sophisticated debtor to believe that the "invocation of the IRS
> reasonably suggests . . . that he or she could get in trouble with
> the IRS for refusal to pay the debt, or for obtaining any debt
> forgiveness of $600 or more."

Id. (quoting Good, 55 F. Supp. 3d at 748).  Moreover, the least sophisticated

debtor "could believe, given the lack of specificity in the generally-stated rule that

mentions one exception but not others, that the action he chooses to take with

respect to the debt will trigger tax consequences or reporting requirements." Id. at

*9-10.  The district court also reasoned that "[t]here are myriad other ways that the

[challenged language] could, without bizarre or idiosyncratic interpretation,

influence the least sophisticated debtor's decision-making process." Id. at *10.

Under the present circumstances, there is no basis to disagree with the well

15

reasoned and persuasive decision in Velez.  Here, as was the case in Velez,

Plaintiff alleges that Defendant violated the FDCPA when it sent a letter which

stated, in part, that:

> [i]n addition, any indebtedness of $600.00 or more, which is
> discharged as a result of a settlement, may be reported to the
> IRS as taxable income pursuant to the Internal Revenue Code
> 6050(P) and related federal law.

(Doc. 1-1, p. 2).  Also like Velez, Defendant argues that the challenged language

is "accurate." (Doc. 4, p. 6).  The Court agrees with the analysis in Velez that,

while the challenged language "'may not be false in all respects, it certainly is not

completely true.'" Velez, 2016 U.S. Dist. LEXIS 57832, at *7 (alteration in

original) (quoting Good, 55 F. Supp. 3d at 747).  Specifically, accepting the well

pleaded facts and taking every inference in Plaintiff's favor, the settlement of

Plaintiff's debt "could not possibly have been reportable under the relevant

exceptions." Id. at *6.  Further, as the court in Velez found, it is determined that

Defendant's "the use of the contingent 'may'" does not:

> materially distinguish [Defendant's statement] from the
> challenged language in Good because both phrases fail to
> communicate that there are other exceptional circumstances
> beyond the threshold amount that affect whether the
> cancellation of the debt is reportable.

Id. at *7.  Additionally, the Defendant's statement at issue, "suggests the

possibility that the cancelled debt could be reported." <u>Velez</u>, 2016 U.S. Dist. LEXIS 57832, at *7.

Defendant also argues that the challenged language is neither misleading nor deceptive. (Doc. 4, pp. 8-10).  According to Defendant, "the challenged sentence objectively informs consumers of the creditor's filing duty and of the tax obligation that the consumer could incur," and "Plaintiff's reading of the challenged sentence is fundamentally unreasonably." (<u>Id.</u> at p. 8).

As the district court found in <u>Velez</u>, it is determined that, accepting the well pleaded facts and taking every inference in Plaintiff's favor, the challenged language here "could mislead or deceive the least sophisticated debtor." <u>Velez</u>, 2016 U.S. Dist. LEXIS 57832, at *7.  When analyzing whether a statement is misleading or deceptive under the FDCPA, the court must apply the objective "judge-made standard" to determine if "the objective least sophisticated debtor would be" mislead or deceived by the challenged statement. <u>Simon v. FIA Card Servs. NA</u>, 2016 U.S. App. LEXIS 2686, at *7 (3d Cir. Feb. 17, 2016) (quoting <u>Jensen</u>, 791 F.3d at 420).  Applying that standard here, the Court agrees with the analysis in <u>Velez</u> to the extent that:

> [t]he least sophisticated debtor, given a generally applicable
> rule with some, but not all, of the relevant exceptions thereto,
> might be mislead into thinking that there will be adverse tax

> consequences for settling a debt for less than the total amount
> due.

Velez, 2016 U.S. Dist. LEXIS 57832, at *8.  Moreover, the challenged language's

use of the "conditional 'may' . . . does not remove from the realm of possibility

that the least sophisticated debtor might be deceived into thinking [Defendant]

must or will report certain settlement amounts to the IRS, even when it does not

intend to, or would not be required to, under the relevant statute and regulations."

Id.  Thus, Plaintiff states a plausible claim that the statement in question is

misleading or deceptive under section 1692e(10) of the FDCPA.  Id.

In regards to Defendant's claim that the challenged statement is immaterial,

(Doc. 4, pp. 11-12), the Court finds it lacks merit.  The United States Court of

Appeals for the Third Circuit has stated that statements alleged to have violated

section 1692e must be material.  Jensen, 791 F.3d at 421.  "[A] statement in a

communication is material if it is capable of influencing the decision of the least

sophisticated debtor."  Id. (citing Elyazidi v. SunTrust Bank, 780 F.3d 227, 234

(4th Cir. 2015)).

Taking the factual allegations as true and construing every inference in

favor of Plaintiff, it is determined that:

> [i]t would not be bizarre or idiosyncratic for the least
> sophisticated debtor to believe that [the challenged statement's]

18

> "invocation of the IRS reasonably suggests . . . that [Plaintiff] could get in trouble with the IRS for refusal to pay the debt, or for obtaining any debt forgiveness of $600 or more."

Velez, 2016 U.S. Dist. LEXIS 57832, at *9 (quoting Good, 55 F. supp. 3d at 748).

Moreover, the least sophisticated debtor:

> could reasonably assume that [Defendant] included [the challenged statement] because it was relevant, and such a debtor could believe, given the lack of specificity in the generally-stated rule that mentions one exception but not others, that the action he chooses to take with respect to the debt will trigger tax consequences or reporting requirements.

Id. at *9-10.  Further, the Court agrees with the well reasoned and persuasive

conclusion in Velez that the challenged language could, "without bizarre or

idiosyncratic interpretation, influence the least sophisticated debtor's decision-

making process.[footnote omitted]" Id. at *10.  As a result, it is determined that

the challenged language is material.

Finally, Defendant also cites Rhone v. Allianceone Receivables Mgmt.,

Inc.[2] and Good v. Nationwide Credit, Inc.[3] in support of its motion to dismiss.

---

[2] 2015 U.S. Dist. LEXIS 106186 (S.D. Ind. Aug. 12, 2015).

[3] 55 F. Supp. 3d 742 (E.D. Pa. 2014).  In Good, the challenged language at issue stated that the defendant was "required to file a form 1099C with the [IRS] for any cancelled debt of $600 or more. Id. at 748.  The district court determined that this language supported a section 1692e claim. Id. at 749.  However, as noted above, Defendant's "the use of the contingent 'may'" does not "materially distinguish [Defendant's statement] from the challenged language in Good because both phrases fail to communicate that there are other exceptional circumstances beyond the threshold amount that affect whether the cancellation of the debt is reportable."

(Doc. 4, pp. 12-13).  Notably, the defendant in <u>Velez</u> also cited <u>Rhone</u> in support

of its motion to dismiss, but the district court "was not persuaded." <u>Velez</u>, 2016

U.S. Dist. LEXIS 57832, at *10 n.1.  Specifically, the district court stated that:

> this case is factually distinguishable from <u>Rhone</u> because the
> amount owed exceeded $600, so the least sophisticated debtor
> who read carefully, but still did not understand whether the
> threshold applied to the total indebtedness or just the write-off
> amount after settlement, could be confused or mislead.

<u>Id.</u>  Additionally, the court in <u>Velez</u> did "not believe that the conditional 'may' of

the [challenged statement] renders it proper." <u>Id.</u> at *11 n.1.  The district court

stated that "<u>Rhone</u> explained that the challenged language clarified through the

use of the conditional 'may' that the reporting outcome would only occur in cases

where the settlement write-off exceeded $600." <u>Id.</u> (citing <u>Rhone</u>, 2015 U.S. Dist.

LEXIS 106186, at *12).  However, "the [challenged statement's] use of the

conditional 'may' does not so clearly explain that the $600 threshold is the

triggering factor." <u>Id.</u>  According to the district court in <u>Velez</u>, "[t]he least

sophisticated debtor, even reading carefully, might not understand that the 'may'

refers only to the $600 threshold and to no other possible triggering event or

exception." <u>Id.</u>  The district court went on to state that "[i]t would not be bizarre

---

<u>Velez</u>, 2016 U.S. Dist. LEXIS 57832, at *7.  Consequently, Defendant's reliance on <u>Good</u> is
misplaced.

or idiosyncratic for the least sophisticated debtor to believe that [the defendant] retained some discretion in whether to report or that some other related federal law governed the reporting discharge." <u>Velez</u>, 2016 U.S. Dist. LEXIS 57832, at *11 n.1.

In accord with the well reasoned analysis in <u>Velez</u>, it is determined that Defendant's reliance on <u>Rhone</u> is misplaced. Similar to <u>Velez</u>, the present circumstances are factually distinguishable from <u>Rhone</u> because the alleged debt owed by Plaintiff exceeded $600. (Doc. 1-1, p. 2); <u>see</u> <u>Rhone</u>, 2015 U.S. Dist. LEXIS 106186, at *3 (the plaintiff owed $393.74 and was offered a $236.24 settlement). Thus, "the least sophisticated debtor who read carefully, but still did not understand whether the threshold applied to the total indebtedness or just the write-off amount after settlement, could be confused or mislead." <u>Velez</u>, 2016 U.S. Dist. LEXIS 57832, at *10 n.1.

## IV.   <u>CONCLUSION</u>

In light of the foregoing, Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), (Doc. 3), will be denied.

A separate Order will be issued.

Date: June 2, 2016                              /s/ William J. Nealon
                                                **United States District Judge**