# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kariann Balon,<br>         Plaintiff | Docket 3:16-cv-00410-WJN |
| v. | (JUDGE WILLIAM J. NEALON) |
| Enhanced Recovery Company, LLC,<br>         Defendant | FILED ELECTRONICALLY |

## Statement of Facts and Procedural History

Plaintiff filed a complaint against Defendant in the Luzerne County Court of Common Pleas. Defendant removed and filed a motion to dismiss, which the Court denied. After its motion was denied, Defendant filed an answer to the complaint, and thereafter filed an amended answer to the complaint. Plaintiff has since filed a motion to strike regarding Defendant's affirmative defenses, and she now files this supporting brief.[1]

---

[1] In her motion, Plaintiff stated that she was challenging Defendant's third and seventh affirmative defense. Plaintiff hereby withdraws her challenge to Defendant's seventh affirmative defense.

## Questions Presented

1. Should an affirmative defense pursuant to 15 U.S.C. § 1692k(c) be stricken where no factual detail is alleged?

**Suggested Answer:** Yes. A debt collector may avoid liability for a violation of the FDCPA "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). As the defense asserts an error, Federal Rule of Civil Procedure 9(b) requires the defendant to state with particularity the circumstances constituting the mistake. Here, where Defendant has pled no factual allegations, the affirmative defense does not comply with Rule 9(b) and should be stricken.

2. Should an affirmative defense regarding the statute of limitations be stricken when the defense clearly fails as a matter of law?

**Suggested Answer:** Yes. Rule 12(f) permits a court to strike from an affirmative defense any immaterial matter. Here, where the statute of limitations defense fail as a matter of law, it should be stricken from the amended answer.

<u>Applicable Standard</u>

Federal Rule of Civil Procedure 12(f) provides: "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An affirmative defense fails to satisfy pleading standards when it does not afford the plaintiff fair notice of the nature of the defense." *Klaus v. Jonestown Bank & Trust Co.*, 2014 WL 1024591, at *1 (M.D. Pa. Mar. 14, 2014). "The court may strike defenses that are nothing but bare bones, conclusory allegations that do not include a short and plain statement of the facts." *Id.* Such a motion may "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case." *Mifflinburg Tel., Inc. v. Criswell*, 2015 WL 268806, at *5 (M.D. Pa. Jan. 21, 2015).

<u>Argument</u>

Plaintiff filed her motion challenging two of Defendant's affirmative defenses: (1) its boilerplate defense of bona fide error, and (2) its statute of limitations defense. Plaintiff will address each of these defenses in turn.

*BONA FIDE ERROR*

The FDCPA provides a debt collector with a defense to liability "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). This section is considered an affirmative defense. *See e.g., Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 599 (2010)(referring to "the affirmative defense in § 1692k(c).")

Affirmative defenses are pleadings. Thus, under the Federal Rules of Civil procedure they must "provide plaintiffs with 'fair notice' of the grounds for those defenses." *Mifflinburg Tel., Inc. v. Criswell*, 2015 WL 268806, at *6 (M.D. Pa. Jan. 21, 2015). This principle is particularly true when an affirmative defense alleges a mistake, because Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard with respect to allegations of error. A party alleging a mistake must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Though the Third Circuit has not yet ruled on the level of detail required to assert a defense under § 1692k(c), it has spoken more generally as to the requirements of Rule 9(b). The rule "requires, at a minimum, that plaintiffs support their allegations . . . with all of the essential factual background that would accompany 'the first paragraph of any newspaper story'—that is, the 'who, what, when, where and how' of the events at issue." *In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)(quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997).

Here, the Defendant's affirmative defense provides none of this detail. Instead, Defendant simply states: "Any violation of the FDCPA by ICS, which ICS denies, was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." (Doc. 5 p. 6.)

Other courts have applied Rule 9(b) to defendants' efforts to plead the § 1692k(c) bona fide error defense. *See Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 537 (D. Md. 2010); *Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, 2008 WL 2061551, at *1 (N.D. Ill. May 14, 2008)("Because the defense at issue deals with an alleged

5

'mistake'-a 'bona fide error' in the statutory parlance-Defendant is obligated to comply with both Fed.R.Civ.P. 8 and 9(b).")

By failing to comply with Rule 9(b), Defendant has deprived Plaintiff of receiving fair notice of the affirmative defense. *See Jacobson v. Persolve, LLC*, 2014 WL 4090809, at *7 (N.D. Cal. Aug. 19, 2014)(the "bona fide error defense directly copies the language of § 1692k(c) without adding facts that provide fair notice to Plaintiff and make the defense plausible.")

Defendant's insufficiently pled defense should be stricken. "The court may strike from a pleading an insufficient defense . . . ." Fed. R. Civ. P. 12(f). Many courts have stricken similarly inadequate efforts to assert the § 1692k(c) bona fide error defense.[2] The Court should enforce

---

[2] *See, e.g., Racick v. Dominion Law Associates*, 270 F.R.D. 228, 235 (E.D.N.C. 2010)(striking a bona fide error defense because "[d]efendants have essentially copied the language in 15 U.S.C. § 1692k(c), but have not provided any notice of the specific error upon which it relies to assert the defense."); *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 492 (S.D. Cal. 2013)("[T]he Court finds that [d]efendants have not pled them with sufficient detail to give fair notice because they fail to specify the mistake(s) or error(s) they refer to or what, if any, 'procedures reasonably adapted to avoid any such error [or mistake]' were maintained.")(brackets in original); *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 537 (D. Md. 2010)(the debt collector "has merely copied the language of § 1692k(c), and has not plead facts that would give [the consumer] sufficient notice of specific

the requirements of Rule 9(b), and strike Defendant's bona fide error defense.

*STATUTE OF LIMITATIONS*

Defendant also includes a barebones affirmative defense raising a statute of limitations defense. However, it is clear that the statute of limitations will not be a defense to this action. The FDCPA provides a one year statute of limitations. 15 U.S.C. § 1692k(d). Plaintiff has

---

mistake that [the debt collector] is referencing."); *Weintraub v. Law Office of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661, 666 (S.D. Cal. 2014)("Defendants fail to sufficiently allege the grounds upon which their [bona fide error] defense rests so as to give fair notice of that defense to Plaintiff."); *Perez v. Gordon & Wong Law Grp., P.C.*, 2012 WL 1029425, at *10 (N.D. Cal. Mar. 26, 2012)("Defendants fail to identify in their Answer any actual procedures reasonably employed to prevent the alleged FDCPA and RFDCPA violations."); *Lowe v. Diversified Consultants, Inc.*, 2012 WL 3776715, at *1 (N.D. Ill. Aug. 30, 2012)(bona fide error defense failed to comply with Rule 9(b)); *Youssofi v. Allied Interstate LLC*, 2016 WL 29625, at *4 (S.D. Cal. Jan. 4, 2016)("Here, Defendant alleges that 'Plaintiff's claims are barred on the basis that any statutory violation was the unintentional result of a bona fide error.' This conclusory affirmative defense provides no facts to support the allegation of 'mistake.' Accordingly, the Court GRANTS Plaintiff's motion to strike the fourth affirmative defense of 'bona fide error' with leave to amend.)(internal citations omitted); *Nyberg v. Portfolio Recovery Associates, LLC*, 2016 WL 3176585, at *4 (D. Or. June 2, 2016)("Nyberg is entitled to judgment on the pleadings as to PRA's [Bona Fide Error] Defense. The defense contains nothing more than a bare-bones recitation of the statutory defense.").

attached the offending collection letter to the complaint. (Doc. 1-1.) This letter indicates that it was mailed on February 9, 2015. Plaintiff filed her complaint on February 2, 2016. A time-stamped copy of the complaint is attached as Exhibit A. Thus, it is legally impossible for the statute of limitations to have already passed. As a result, because the statute of limitations defense is immaterial to this action, it should be stricken pursuant to Rule 12(f).

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion to Strike.

s/ Brett Freeman<br>
Brett Freeman<br>
Bar Number PA308834<br>
Attorney for Plaintiff<br>
Sabatini Law Firm, LLC<br>
216 N. Blakely St.<br>
Dunmore, PA 18512<br>
Phone (570) 341-9000<br>
Facsimile (570) 504-2769<br>
Email bfecf@bankruptcypa.com

## **CERTIFICATE OF SERVICE**

Defendants are being contemporaneously served via the CM/ECF system.

s/ Brett Freeman
Brett Freeman
