## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARIANN BALON, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 3:16-cv-00410 |
| | : | (Judge William J. Nealon) |
| ENHANCED RECOVERY | : | |
| COMPANY, LLC, | : | |
| Defendant | : | JURY TRIAL DEMANDED |

## DEFENDANT ENHANCED RECOVERY COMPANY, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Defendant Enhanced Recovery Company, LLC ("Defendant" or "ERC"), by and through its undersigned counsel, respectfully moves this Court for an Order denying Plaintiff Kariann Balon's ("Plaintiff") Motion to Strike Affirmative Defenses.

### Counterstatement of Questions Presented

1)      Should an affirmative defense pursuant to 15 U.S.C. § 1692k(c) be stricken when notice pleading is permitted, Defendant continues to investigate all of its defenses, and Plaintiff may amend her claims?

Suggested Answer:  No.

2)      Should an affirmative defense regarding the statute of limitations be stricken when notice pleading is permitted and Plaintiff may amend her claims?

Suggested Answer:  No.

## **Argument**

The Federal Rules of Civil Procedure permit notice pleading.  Fed.R.Civ.P.

8(b)(1)(A) states that a party "must . . . state in short and plain terms its defenses to

each claim asserted against it."  Therefore, Defendant properly plead the following

affirmative defenses:

> 2.    Defendant affirmatively alleges, in the alternative, that Plaintiff's claims may be barred by the statute of limitations.

> 3.    Defendant affirmatively alleges, in the alternative, that any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

(Doc. 15 at 4-5).

Plaintiff mistakenly states that Defendant's Bona Fide Error affirmative

defense is subject to a heightened pleading standard.  This is not supported by the

language of the FDCPA or by Fed.R.Civ.P. 9(b).

Defendant's Bona Fide Error defense was plead pursuant to 15 U.S.C. §

1692k(c), which states that "A debt collector may not be held liable in any action

brought under this subchapter if the debt collector shows by a preponderance of

evidence that the violation was not intentional and resulted from a bona fide error

notwithstanding the maintenance of procedures reasonably adapted to avoid any

such error." (emphasis added). Accordingly, there is no standard for heightened pleading under the FDCPA.

In addition, Fed.R.Civ.P. 9(b) states that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." (emphasis added). Here, Defendant is not making an allegation that there was a fraud or mistake. Defendant is simply pleading its affirmative defense of a Bona Fide Error pursuant to 15 U.S.C. § 1692k(c), which does not trigger the heightened pleading standard.

In addition, both affirmative defenses should not be stricken as discovery is ongoing and Defendant is continuing its factual investigation. Further, the parties are currently discussing responses to discovery. Therefore, it is premature for Plaintiff to assert that any defense should be precluded. Based on the outcome of discovery, it is possible that Plaintiff could move to assert amended claims and seek additional damages. Therefore, Defendant needs to be able to preserve its rights by asserting affirmative defenses regarding the statute of limitations and the Bona Fide Error defense.

Plaintiff also states that it is "legally impossible" for Defendant to assert a statute of limitations defense as Plaintiff filed this action within one year of the date of Defendant's letter to Plaintiff. (Doc. 19 at p. 8). This contention fails for

the same reason as above because Defendant needs to preserve its rights in the

event that Plaintiff seeks to amend her claims.

### Conclusion

For all of the reasons stated herein, this Court should deny Defendant's

Motion to Strike Affirmative Defenses.

FINEMAN KREKSTEIN & HARRIS, P.C.


By: _____/S/ Richard J. Perr_____
RICHARD J. PERR, ESQUIRE
PA Atty ID No. 72883
Ten Penn Center
1801 Market Street, Suite 1100
Philadelphia, PA  19103-1628
(v) 215-893-9300; (f) 215-893-8719
rperr@finemanlawfirm.com
Attorneys for Defendant Enhanced
Recovery Company, LLC

Dated:  August 23, 2016

## CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on or about this date, I

served a true and correct copy of the foregoing electronically, or by first class mail,

postage prepaid, or telecopy on the following:

Carlo Sabatini, Esquire
Sabatini Law Firm, LLC
216 North Blakely Street
Dunmore, PA  18512
(v) 570-341-9000; (f) 570-504-2769
ksecf@bankruptcypa.com; carlo@bankruptcypa.com
Attorneys for Plaintiff


_____/S/ Richard J. Perr_____
RICHARD J. PERR, ESQUIRE

Dated:  August 23, 2016