**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Kariann Balon,<br>Plaintiff<br><br>v.<br><br>Enhanced Recovery Company, Inc.,<br>Defendant | Docket 3:16-cv-00410-WJN<br><br>(JUDGE WILLIAM J. NEALON)<br><br>FILED ELECTRONICALLY |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE**

Defendant's opposition to Plaintiff's motion to strike is wholly without merit. First, Defendant attempts to defend its bare-bones bona fide error defense by arguing that Rule 9's heightened pleading standard does not apply to it because "Defendant is not making an allegation that there was a fraud or mistake. Defendant is simply pleading its affirmative defense of a Bona Fide Error pursuant to 15 U.S.C. § 1692k(c), which does not trigger the heightened pleading standard." (Doc. 20 p. 3) However, this argument is nonsensical. One element of this defense is that there must be an actual "bona fide error." 15 U.S.C. § 1692k(c). There is no reason why Rule 9's heightened

pleading standard, which applies when a *mistake* was made, would not apply when an *error* was made.[1]

Defendant also observes that the bona fide error defense needs only to be proven by a mere preponderance of the evidence. However, Defendant then inappropriately conflates this burden of proof with the *pleading* requirements. Defendant argues that because its affirmative defense needs to be proven by merely a preponderance of the evidence that "there is no standard for heightened pleading under the FDCPA." (Doc. 20 p. 3.) But, this reading would eviscerate Rule 9 for many claims, as not all frauds and mistakes require a heightened burden of proof, *see, e.g. Herman & MacLean v. Huddleston*, 459 U.S. 375 (1983)(holding that fraud under the Securities Act requires merely a showing by preponderance of the evidence, not a heightened clear and convincing standard); *Grogan v. Garner*, 498 U.S. 279 (1991)(holding

---

[1] In fact, Google defines an error as "a mistake":

er·ror
/ˈerər/
*noun*
a mistake.
"spelling errors"
*synonyms:* mistake, inaccuracy, miscalculation, blunder, oversight; More

that the correct burden of proof for establishing an exception to a bankruptcy discharge on the basis of fraud was by preponderance of the evidence). Thus, Defendant's argument that Rule 9 cannot apply to the bona fide error defense simply because it can be proven by a mere preponderance of the evidence is certainly incorrect.

Furthermore, Defendant has not addressed any of the authority Plaintiff cited in her brief which has held that Rule 9's heightened pleading standard applies to the bona fide error defense. Thus, because the clear weight of authority demonstrates that the heightened pleading standard applies to the bona fide error defense, and Defendant's affirmative defense clearly does not satisfy this heightened pleading standard, the affirmative defense should be stricken.

Defendant's support of its statute of limitations defense is likewise baseless. The only argument Defendant makes in support of this defense is that Plaintiff *could* seek to amend her complaint to add a new claim, so "Defendant needs to preserve its rights in the event that Plaintiff seeks to amend her claims." (Doc. 20 p. 4.)[2]

---

[2] Defendant also advances this argument in support of its bona fide error defense. For the same reasons discussed *infra*, this argument also fails with respect to that defense.

Of course, an affirmative defense should be pled in response to the *actual* pleading, not a hypothetical one that could be raised. *See* Fed. R. Civ. P. 8(c)(1)("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ."). Thus, it is improper to raise an affirmative defense just because there is a theoretical possible that the plaintiff may seek to amend her pleading. Furthermore, even if Defendant's hypothetical concern is realized, and Plaintiff *does* amend her complaint, Defendant would still get to file an answer to the amended complaint. And, if Defendant believes at that time that based on the amended pleading an affirmative defense is appropriate, it can and should raise the defense then. Thus, Defendant is not preserving anything by including its legally impossible affirmative defense here since, it will always be afforded a right to file an amended answer if Plaintiff amends her complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike should be granted.

s/ Brett Freeman
Brett Freeman
Bar Number PA308834
Attorney for Plaintiff

Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email bfecf@bankruptcypa.com

**CERTIFICATE OF SERVICE**

Service is being effectuated via the CM/ECF system.

s/ Brett Freeman
Brett Freeman