IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARIANN BALON, | : | CIVIL ACTION |
|    Plaintiff | : | |
| | : | |
| v. | : | NO. 3:16-cv-00410 |
| | : | (Judge William J. Nealon) |
| ENHANCED RECOVERY | : | |
|   COMPANY, INC., | : | |
|    Defendant | : | JURY TRIAL DEMANDED |

**SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY OF
DEFENDANT ENHANCED RECOVERY COMPANY, INC.
TO PLAINTIFF'S COMPLAINT**

Defendant ENHANCED RECOVERY COMPANY, INC. ("Defendant"), by and through its undersigned counsel, hereby files this Second Amended Answer to Plaintiff's Complaint and states as follows:

### I.     Introduction

1.     Denied. All of the allegations in this paragraph are denied as they call for a legal conclusion to which no response is required.

### II.     Jurisdiction

2.     Denied. All of the allegations in this paragraph are denied as they call for a legal conclusion to which no response is required.

3.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiff's Complaint, and therefore denies the same.

### III. Parties

4. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiff's Complaint, and therefore denies the same.

5. Admitted in part; denied in part. Defendant admits that it is located at 8014 Bayberry Road, Jacksonville, FL 32256. Defendant admits that in certain instances, it may be considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" in the present case, and further states that this allegation calls for a legal conclusion regarding the definition of the cited statute. Therefore, Defendant denies the same for the present time and demands strict proof thereof.

### IV. Statement of Claim

6. Admitted.

7. Denied. All of the allegations in this paragraph are denied as they call for a legal conclusion to which no response is required.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied. The terms of the February 9, 2015 letter that is attached as

Exhibit A to Plaintiff's Complaint speak for themselves.

12. Denied. All of the allegations in this paragraph are denied as they call for a legal conclusion to which no response is required.

13. Denied. All of the allegations in this paragraph are denied as they call for a legal conclusion to which no response is required.

14. Denied. All of the allegations in this paragraph are denied as they call for a legal conclusion to which no response is required.

15. Denied. All of the allegations in this paragraph are denied as they call for a legal conclusion to which no response is required.

16. Denied. The terms of the February 9, 2015 letter that is attached as Exhibit A to Plaintiff's Complaint speak for themselves. Defendant denies the remaining allegations in this paragraph, if any, as they call for a legal conclusion to which no response is required.

17. Denied. The terms of the February 9, 2015 letter that is attached as Exhibit A to Plaintiff's Complaint speak for themselves. Defendant denies the remaining allegations in this paragraph, if any, as they call for a legal conclusion to which no response is required.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied. All of the allegations in this paragraph are denied as they call for a legal conclusion to which no response is required.

23. Denied. All of the allegations in this paragraph are denied as they call for a legal conclusion to which no response is required.

24. Denied.

25. Denied. All of the allegations in this paragraph are denied as they call for a legal conclusion to which no response is required.

26. Denied.

**WHEREFORE**, Defendant, Enhanced Recovery Company, Inc., respectfully demands dismissal of the Complaint along with reasonable costs and attorneys' fees, and such other relief as justice requires.

## AFFIRMATIVE DEFENSES

1. Defendant affirmatively alleges, in the alternative, that Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff failed to mitigate any damages which she may have suffered.

3. Defendant affirmatively alleges that Plaintiff's claims are barred by the absence of an actual or imminent injury that is concrete and particularized.

4. Defendant affirmatively alleges that Plaintiff's claims are barred by the lack of standing under Article III of the Constitution.

## DEMAND FOR JURY

Defendant demands a jury pursuant to Fed.R.Civ.P. 38 for all issues so triable.

                                              FINEMAN KREKSTEIN & HARRIS, P.C.

                              By:      /S/ Richard J. Perr
                                              RICHARD J. PERR, ESQUIRE
                                              PA Atty ID No. 72883
                                              Ten Penn Center
                                              1801 Market Street, Suite 1100
                                              Philadelphia, PA  19103-1628
                                              (v) 215-893-9300; (f) 215-893-8719
                                              rperr@finemanlawfirm.com
                                              Attorneys for Defendant Enhanced
                                              Recovery Company, LLC

Dated:   October 6, 2016

## CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically, or by first class mail, postage prepaid, or telecopy on the following:

>Carlo Sabatini, Esquire
>Sabatini Law Firm, LLC
>216 North Blakely Street
>Dunmore, PA  18512
>(v) 570-341-9000; (f) 570-504-2769
>ksecf@bankruptcypa.com; carlo@bankruptcypa.com
>        Attorneys for Plaintiff

>        /S/ Richard J. Perr
>        RICHARD J. PERR, ESQUIRE

Dated:  October 6, 2016